**GIESECKE v. PITTSBURGH HOTELS, Inc., et al.**

Civ. A. No. 2896.

District Court, W. D. Pennsylvania.

Oct. 14, 1944.

Drayton Heard and Heard & Heard, all of Pittsburgh, Pa., for plaintiff.

Griggs, Moreland & Blair, of Pittsburgh, Pa., for Fort Pitt Hotel, Inc.

Blaxter, O'Neil & Houston, of Pittsburgh, Pa., for Pittsburgh Hotels, Inc.

SCHOONMAKER, District Judge.

This case is now before the court on the motion of intervenor, Fort Pitt Hotel, Inc. (hereinafter referred to as "Fort Pitt"), cross-complainant, against Pittsburgh Hotels, Inc. (hereinafter referred to as "Pittsburgh"), and Peoples-Pittsburgh

Trust Company (hereinafter referred to as "Indenture Trustee"), trustee under a mortgage indenture given by "Pittsburgh" to "Indenture Trustee", for summary judgment for the relief asked for in its cross-complaint filed in this case, i. e., the conveyance to "Fort Pitt" of a fee-simple title to Fort Pitt Hotel premises, free and clear of all liens and encumbrances, including all matters raised by the plaintiff in his complaint herein.

"Pittsburgh" and the "Indenture Trustee" are not resisting this motion. But the plaintiff is. asking that the court enjoin defendants from consummating the sale of the Fort Pitt property during the pendency of this action; that the $50,000 paid on the purchase price thereof and added to the working capital of "Pittsburgh" be forthwith turned over to the "Indenture Trustee." The plaintiff also asks for other relief not pertinent to the issue now before the court on the motion for summary judgment.

In connection with the motion for summary judgment, "Fort Pitt", "Pittsburgh", and the "Indenture Trustee" submitted the sale agreement of the Fort Pitt Hotel property (Exhibit No. 1); supplemental sale agreement dated October 28, 1940 (Exhibit No. 2); mortgage extension agreement of October 28, 1940 (Exhibit No. 3); agreement of October 28, 1940, between "Pittsburgh", "Fort Pitt" and the Mutual Life Insurance Company (Exhibit No. 4); consent of the voting trustees of "Pittsburgh" to the sale to "Fort Pitt" (Exhibit No. 5); resolution of directors of "Pittsburgh" approving sale to "Fort Pitt" (Exhibit No. 6); letter of May 1, 1940, from attorneys for "Pittsburgh" transmitting request for release of Fort Pitt Hotel property from lien of mortgage indenture (Exhibit No. 7); printed copy of mortgage indenture from "Pittsburgh" to the "Indenture Trustee" (Exhibit No. 8); and printed copy of Voting Trust Agreement dated January 1, 1937, between "Pittsburgh" and William H. Donner et al., voting trustees (Exhibit No. 9).

The facts of the case, as disclosed by the pleadings, so far as they relate to matters involved in "Fort Pitt's" motion for summary judgment, may be briefly stated as follows:

The plaintiff is the owner, as trustee, of $2400 face value of five-percent income bonds secured by a mortgage of "Pittsburgh" to the "Indenture Trustee", covering, among other property, the Fort Pitt Hotel property.

"Fort Pitt" intervened in this suit as a purchaser of the Fort Pitt Hotel property, seeking specific performance of its purchase contract for said property.

"Pittsburgh", as the result of reorganization proceedings in this court, emerged as the owner of the William Penn Hotel and the Fort Pitt Hotel properties, and the Fort Pitt Laundry.

"On May 2, 1940, it made an agreement with "Fort Pitt" wherein it agreed to sell, and "Fort Pitt" agreed to buy, the Fort Pitt Hotel property, and its furnishings. The price fixed for the hotel property was $675,000, and for the furnishings, $150,000. The agreement provided that $250,000 was to be paid in installments, of which $150,000 was to be applied to the furnishings, and $100,000 was to be applied on account of the purchase price of the land, which was to be applied by "Pittsburgh" to a first mortgage on the Fort Pitt Hotel property, for the purpose of obtaining a release of said property from the first mortgage on said property, so that the said Fort Pitt Hotel property could be conveyed to "Fort Pitt" free and clear of all encumbrances.

On performance of all the conditions of said contract, including the payment of $250,000 to the "Indenture Trustee", "Pittsburgh" agreed to convey said Fort Pitt Hotel property to "Fort Pitt", free and clear of all liens and encumbrances, and to deliver to "Fort Pitt" a bill of sale for said personal property.

Whereupon, contemporaneously with the delivery of such deed and bill of sale, "Fort Pitt" agreed to execute and deliver to "Pittsburgh" a purchase-money mortgage for $575,000.

By agreement dated October 28, 1940, "Pittsburgh" and "Fort Pitt" entered into an agreement amending its aforesaid sale contract, so as to provide that on payment of $200,000, the conveyance to "Fort Pitt" was to be made, and purchase-money mortgage was to be given.

"Fort Pitt" has complied with the sales agreement, and is now asking for the delivery of a deed for the Fort Pitt Hotel property. The defendants are willing to comply, but for the action by plaintiff.

Plaintiff does not in this case seek to hold this sale contract to "Fort Pitt" void,

and to set it aside, as was prayed for in Civil Action No. 2300 in this court, which action was dismissed. He merely asks that the original defendants be enjoined from completing it. The action at Civil Action No. 2300 (to which "Fort Pitt" was a party defendant) was dismissed because we were of the opinion that plaintiff had not complied with conditions precedent to such a suit, as prescribed in Article IX, Section 11, of the mortgage indenture.

In the present suit, plaintiff still has not complied, but offers in excuse for such non-compliance, that he has been refused access to lists of stockholders and bond-holders of Pittsburgh, and that the "Indenture Trustee" has refused to act. On that phase of the case, we need pass no judgment, so far as concerns the intervenor suit by "Fort Pitt."

It is our opinion that the sale agreement for the Fort Pitt Hotel property is valid and enforceable. It was approved, not only by the directors of that company, but also consented to by all the voting trustees. Our conclusion is that should any holder of stock or securities of "Pittsburgh" be dissatisfied with the action of the directors, or shareholders, his action is against them. He cannot invalidate the agreement of sale. The fact of the pendency of plaintiff's suit is not a valid reason for failure to complete the sale to "Fort Pitt."

The other questions which plaintiff raises as to the proper disposition of the proceeds of sale are not proper grounds for refusing specific performance of the agreement for the conveyance of the property sold to "Fort Pitt". If "Pittsburgh" has not paid sufficient money to the trustee for a release of the Fort Pitt property, it can be compelled to do so. That is not a matter as to which "Fort Pitt" has any obligation, and will not bar its right to specific performance of its contract for the purchase of the Fort Pitt Hotel property. If any of the original defendants are liable for money damages, that is a matter between the plaintiff and the defendants, and does not concern the "Fort Pitt." None of the contentions of the plaintiff justify

withholding the conveyance of a good title to "Fort Pitt."

In any event, we are of the opinion that plaintiff is barred by laches from interfering with specific performance of the agreement of sale of the Fort Pitt Hotel property to "Fort Pitt", and the release thereof from the lien of mortgage of the "Indenture Trustee." The agreement of sale was made on May 2, 1940. "Fort Pitt" has made payments in accordance with the sale contract, and is now entitled to a deed for the property.

Plaintiff's action No. 2300 C. A. was filed October 31, 1942. That case included "Fort Pitt" as a party defendant, and was dismissed August 3, 1943. The instant case was filed February 25, 1944, and did not include "Fort Pitt" as a party defendant.

"Fort Pitt" went into possession of the Fort Pitt Hotel property in June 1940, and during the ensuing four years has materially altered its position, not only by making the payments required by the sale agreement, but by expending, in addition to the rehabilitation required by the agreement, some $185,000 in rehabilitation of the property.

Plaintiff had notice of this sale as early as May 15, 1940, by letter from "Pittsburgh." See Par. 41 of his complaint and letter (Exhibit A) attached thereto. He did nothing thereafter until he filed his action at No. 2300 C. A. in this court. Upon the dismissal of that suit August 3, 1943, he took no further action until the instant case was filed. We therefore conclude that "Fort Pitt" is entitled to summary judgment in this case for specific performance of its contract.

The only other question raised is whether or not the $50,000 paid on the purchase price and added to the working capital of "Pittsburgh" should not have been paid to the "Indenture Trustee." As "Pittsburgh" has expressed its readiness and willingness to pay the additional $50,000 at this time to the "Indenture Trustee", we will decree that such payment be made.

Counsel for "Fort Pitt" may submit an order for summary judgment in accordance with this opinion, on notice to counsel to the other parties.